1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD R. DAYTON,                      No. 2:16-cv-1735-KJM-KJN PS

12            Plaintiff,

13        v.                                ORDER AND

14   DAVID JAMES, et al.,                   FINDINGS AND RECOMMENDATIONS

15            Defendants.

16

17   INTRODUCTION

18        Plaintiff Edward Dayton, proceeding without counsel, initially commenced this action on

19   July 25, 2016, and paid the filing fee.  (ECF No. 1.)[1]  Presently pending before the court is

20   defendants David James, Fairfield Police Department, and City of Fairfield's motion to dismiss

21   plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF

22   No. 7.)  Plaintiff has timely opposed the motion, and defendants filed a reply brief.  (ECF Nos.

23   11, 12.)[2]

24        After carefully considering the parties' written briefing, the court's record, and the

25   applicable law, the court recommends that the motion be GRANTED.

26   _____

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

27

[2] The court finds the motion appropriate for resolution without oral argument pursuant to Local

28   Rule 230(g).  As such, the January 12, 2017 hearing is VACATED.

1

1  BACKGROUND

2        The background facts are taken from plaintiff's operative first amended complaint.  (ECF

3  No. 4.)  According to plaintiff, he has been the subject of inspections, citations, and abatement

4  actions by the City of Fairfield and David James, who is alleged to be a supervisory code

5  enforcement officer for the City of Fairfield, since 2005.  Around January 31, 2012, some of

6  plaintiff's personal property was purportedly removed from the street in front of his home by the

7  Solano Garbage Company.

8        That same day, on January 31, 2012, plaintiff submitted a request under the California

9  Public Records Act ("CPRA") to the City of Fairfield Police Department, requesting the reason

10  and legal authority for removal of the property, as well as any documentation regarding the

11  removal.  James apparently responded that no relevant records or documents existed.

12        Subsequently, on July 23, 2015, plaintiff submitted another CPRA request to the City of

13  Fairfield Police Department and other City of Fairfield departments, requesting the names and

14  titles of any police officers and others who were present or engaged in any way with the removal

15  of plaintiff's property, as well as documents, recordings, photographs, and reports regarding such

16  removal.  On July 24, 2015, James again responded that no public records existed relevant to

17  plaintiff's request.

18        Plaintiff claims that James abused his power and intentionally failed to comply with the

19  CPRA, which violated plaintiff's civil rights under 42 U.S.C. § 1983.  Plaintiff also purports to

20  state some type of state common law negligence claim based on the alleged improper handling

21  and processing of his public records requests.  Plaintiff names David James, the City of Fairfield

22  Police Department, and the City of Fairfield as defendants.  Plaintiff requests $250,000.00 in

23  damages, plus an award of punitive damages.

24  LEGAL STANDARD

25        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

26  challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

27  Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

28  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

2

1  plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see

2  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss,

3  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

4  is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

5  Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

6  factual content that allows the court to draw the reasonable inference that the defendant is liable

7  for the misconduct alleged." Id.

8       In considering a motion to dismiss for failure to state a claim, the court accepts all of the

9  facts alleged in the complaint as true and construes them in the light most favorable to the

10  plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not,

11  however, required to accept as true conclusory allegations that are contradicted by documents

12  referred to in the complaint, and [the court does] not necessarily assume the truth of legal

13  conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at

14  1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and,

15  prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

16  to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v.

17  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

18  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

19  particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

20  & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when

21  evaluating them under the standard announced in Iqbal).

22       In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

23  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

24  matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506

25  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not

26  consider a memorandum in opposition to a defendant's motion to dismiss to determine the

27  propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

28  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

1   whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

2   2003).

3   DISCUSSION

4         Federal Claim under 42 U.S.C. § 1983

5         As noted above, the first amended complaint alleges a violation of 42 U.S.C. § 1983 based

6   on James's alleged intentional failure to comply with the CPRA.  For the reasons discussed

7   below, that claim is not viable.

8         The first amended complaint itself does not identify a specific constitutional provision that

9   was allegedly violated, but plaintiff's opposition brief clarifies plaintiff's position that James's

10   responses to plaintiff's CPRA requests violated plaintiff's due process rights under the Fourteenth

11   Amendment.  However, it is well established that "[n]either the First Amendment nor the

12   Fourteenth Amendment mandates a right of access to government information or sources of

13   information within the government's control."  Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978);

14   see also Brooks v. Vallejo City Unified School District, 2:12-cv-1466-GEB-EFB, ECF Nos. 28,

15   33 (dismissing 42 U.S.C. § 1983 claims for violation of First Amendment free speech rights and

16   Fourteenth Amendment due process and equal protection rights based on alleged CPRA

17   violations); Brooks v. Vallejo City Unified School District, 2:09-cv-1815-MCE-JFM, ECF Nos.

18   41, 47 (dismissing 42 U.S.C. § 1983 claims for violation of First Amendment free speech rights

19   and Fourteenth Amendment due process rights based on alleged CPRA violations), ECF No. 59

20   (Ninth Circuit opinion summarily affirming dismissal in reliance on Houchins).  Consequently,

21   plaintiff does not allege a cognizable Fourteenth Amendment due process violation to support a

22   claim under 42 U.S.C. § 1983.

23         Furthermore, even assuming, without deciding, that James actually violated the CPRA,

24   such a violation by itself is insufficient to state a claim under 42 U.S.C. § 1983, which requires

25   violation of a federal constitutional or statutory right.  See Galen v. Cnty. of Los Angeles, 477

26   F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires Galen to demonstrate a violation of federal

27   law, not state law."); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the

28   violation of a state law amounts to the deprivation of a state-created interest that reaches beyond

1   that guaranteed by the federal Constitution, Section 1983 offers no redress.").  Plaintiff does have

2   an avenue for seeking relief under the CPRA, but such relief must be pursued in state court.  See

3   Cal. Gov't Code §§ 6258, 6259.

4          Therefore, plaintiff's claim under 42 U.S.C. § 1983, as pled in the first amended

5   complaint, is subject to dismissal.

6          In his opposition brief, plaintiff argues that he should be granted leave to amend to assert

7   additional proposed factual allegations.  As discussed below, that argument is unavailing, because

8   those proposed factual allegations cannot plausibly cure plaintiff's 42 U.S.C. § 1983 claim.

9          Plaintiff proposes to allege additional facts in, and attach documents to, a second amended

10  complaint showing that the information requested in his CPRA requests was in fact available, and

11  that James thus lied when he stated that no relevant responsive documents existed.  Such

12  additional allegations may potentially bolster plaintiff's contention that James's alleged CPRA

13  violation was intentional and an abuse of power.  Nevertheless, a CPRA violation, whether

14  intentional or unintentional, still cannot support a Fourteenth Amendment due process claim

15  under 42 U.S.C. § 1983 for the reasons discussed above.

16         Plaintiff also proposes to allege that his failure to receive documents responsive to the

17  CPRA requests prejudiced plaintiff in his ability to oppose a substantive motion filed in litigation

18  that plaintiff had initiated against James and the City of Fairfield in state court, thereby violating

19  plaintiff's due process rights.  That argument lacks merit.  As noted above, Houchins forecloses

20  an independent Fourteenth Amendment due process claim based on an alleged violation of the

21  CPRA as asserted in this federal case.  To the extent that plaintiff contends that he was not

22  afforded an adequate opportunity to obtain necessary discovery before the state court ruled on the

23  dispositive motion in the state case, that is a matter that should be properly raised on appeal of the

24  state court case to the state appellate courts.

25         The court has carefully considered whether plaintiff should be granted leave to amend his

26  42 U.S.C. § 1983 claim.  Ordinarily, the court, consistent with applicable law, liberally grants

27  leave to amend, especially to *pro se* litigants, if it appears that a potentially cognizable claim

28  could be stated.  However, given the nature of plaintiff's allegations in the first amended

5

1    complaint, the proposed allegations in plaintiff's opposition brief, and the existence of binding

2    law that forecloses the type of claim that plaintiff is attempting to assert, the court concludes that

3    granting leave to amend here would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

4    339 (9th Cir. 1996).

5        Accordingly, plaintiff's 42 U.S.C. § 1983 claim should be dismissed with prejudice.

6        Remaining State Law Claim(s)

7        Because the parties here are not diverse, and there are no federal claims remaining, the

8    court finds it appropriate to decline to exercise supplemental jurisdiction over any remaining state

9    law claims, especially given that the case is only in its infancy.  See 28 U.S.C. § 1367(c)(3) ("The

10    district courts may decline to exercise supplemental jurisdiction over a claim...if – the district

11    court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian

12    Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("'in the usual case in which all federal-

13    law claims are eliminated before trial, the balance of factors . . . will point toward declining to

14    exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University

15    v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Consequently, any remaining state law claims should be

16    dismissed without prejudice.

17    CONCLUSION

18        For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

19      1.  Defendants' motion to dismiss (ECF No. 7) be GRANTED.

20      2.  Plaintiff's claim under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE.

21      3.  Any remaining state law claims be DISMISSED WITHOUT PREJUDICE.

22      4.  The Clerk of Court be directed to close this case.

23        In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

24    discovery, and motion practice in this action are STAYED pending resolution of these findings

25    and recommendations.  With the exception of objections to the findings and recommendations

26    and non-frivolous motions for emergency relief, the court will not entertain or respond to any

27    motions or filings until the findings and recommendations are resolved.

28    ////

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6    shall be served on all parties and filed with the court within fourteen (14) days after service of the

7    objections.  The parties are advised that failure to file objections within the specified time may

8    waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

9    Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10    IT IS SO ORDERED AND RECOMMENDED.

11   Dated:  January 6, 2017

12

13   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7